UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSH TRUPP,** | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) **COMPLAINT AND DEMAND** |
| v. | ) **FOR JURY TRIAL** |
| | ) |
| **ALLY FINANCIAL, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

JOSH TRUPP ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLY FINANCIAL, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Reading, Pennsylvania 19604.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at 200 Renaissance Center, Detroit, Michigan 48265.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Beginning in or around 2015 or early 2016, Defendant began placing repeated harassing telephone calls to Plaintiff on his cellular telephone.

12. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

13. Plaintiff often would answer a call to be greeted with an automated recording before speaking to live callers.

14. Defendant's telephone calls were not made for "emergency purposes" since Defendant has been calling Plaintiff in regard to an auto loan to which he is a co-signer.

15. Shortly after the calls began, Plaintiff spoke with Defendant and requested that the calls stop immediately.

16. Despite Plaintiff's clear revocation of consent to call his cellular phone, Defendant persisted in calling Plaintiff on his cellular telephone through in or around the late summer or early fall of 2016.

17. After Plaintiff's request to stop the calls was ignored by Defendant, he had no other option but to install a blocking application to block calls from Defendant's phone

numbers.

18. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, JOSH TRUPP, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSH TRUPP, demands a jury trial in this case.

PLAINTIFF'S FIRST AMENDED COMPLAINT

Respectfully submitted;

DATED:  December 1, 2017         /s/ Amy L. Bennecoff Ginsburg
                                 Amy L. Bennecoff Ginsburg
                                 Kimmel & Silverman, P.C.
                                 30 East Butler Pike
                                 Ambler, PA 19002
                                 Phone: (215) 540-8888
                                 Facsimile: (877) 788-2864
                                 Email: teamkimmel@creditlaw.com

PLAINTIFF'S FIRST AMENDED COMPLAINT