IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSH TRUPP | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| ALLY FINANCIAL, INC., | : | No. 17-5404 |
|     Defendant. | : | |

**MEMORANDUM**

**Jones, II J.**                                                                                May 31, 2018

### I. Introduction

Plaintiff Josh Trupp commenced the above-captioned action alleging Defendant violated the Telephone Consumer Protection Act (47 U.S.C. § 227, et. seq.). Defendant subsequently filed a Counterclaim for state law breach of contract. (ECF No. 3, p. 10.) Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. (ECF No. 7.) Pursuant to 12(b)(1), Plaintiff moves for dismissal of Defendant's Counterclaim for want of Subject Matter Jurisdiction. (ECF No. 7.) For the reasons set forth below, Plaintiff's Motion is denied.

### II. Background

Plaintiff is a natural person who resides in Reading, Pennsylvania. (ECF. No. 1, ¶ 4.) On or about May 9, 2014, Plaintiff entered into a Retail Installment Sale Contract (hereinafter "the Contract") with a car dealer whereby Plaintiff agreed to purchase a 2011 Chevrolet Malibu (hereinafter "the Vehicle"). (ECF. No. 3, p. 10.) Under the terms of the Contract, Plaintiff agreed to finance the purchase of the Vehicle by making monthly installment payments. *Id.* The car

1

dealer subsequently assigned its interest in the Contract to Defendant. *Id.* Plaintiff granted Defendant a security interest in the Vehicle. *Id.* After entering into the Contract, Plaintiff failed to make timely payments to Defendant, the holder of the Contract's interest. (ECF. No. 3, p. 11.) Plaintiff was required to make these payments to the Defendant. *Id.*

Beginning in or around 2015, or early 2016, Defendant began placing repeated telephone calls to Plaintiff on his cell phone. (ECF. No. 1, ¶ 11.) When contacting Plaintiff on his cell phone, Defendant used an automatic telephone dialing system (ATDS). (ECF. No. 1, ¶ 12.) Shortly after the calls began, Plaintiff spoke with Defendant and requested that the calls stop immediately. (ECF. No. 1, ¶ 15.) Despite Plaintiff's explicit request, Defendant persisted in calling Plaintiff on his cell phone. (ECF. No. 1, ¶ 16.)

Defendant brings its Breach of Contract Counterclaim for Plaintiff's failure to make said payments. (ECF. No. 3, p. 10.)

**Standards of Review**

    **A. Rule 12(b)(1)**

Rule 12(b)(1) permits parties to assert, by motion, the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge. If a facial challenge concerns an alleged pleading deficiency, then the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *Gould Elec. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). When considering a facial challenge, "the trial court must consider the allegations of the

complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A factual challenge "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA*, 535 F.3d at 139 (internal quotation, citation, and alterations omitted). If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations in the plaintiff's complaint, and the plaintiff bears the burden of proving subject matter jurisdiction. *Id*. With a factual challenge, the court may weigh evidence outside the pleadings and make factual findings related to the issue of jurisdiction. *Id*.; *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Mortensen*, 549 F.2d at 891. Before this Court is Plaintiff's facial challenge of Defendant's Breach of Contract Counterclaim.

### B. 28 U.S.C. §1367

"Under §1367 (a), all state law claims…are subject to [a] jurisdictional inquiry: if they are so related to claims in the action within [the court's] original jurisdiction…that they form part of the same case or controversy under [Article III of the United States Constitution], then they are within the court's supplemental jurisdiction." *Alpern v. Cavarocchi*, Civ. 98-3105, 1999 U.S. Dist. LEXIS 5929, *28 (E.D. Pa. Apr. 29, 1999). The key threshold question is whether the state and federal claims derive "from a common nucleus of operative fact." *Id*. at *29. As to the "common nucleus," it has been held that "mere tangential overlap of facts is insufficient, but total congruity between the operative facts…is unnecessary." *Id*. District courts may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue

of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* at *26.

### III. Discussion

    **A.    Plaintiff Incorrectly Invokes Third Circuit Precedent.**

Defendant's Counterclaim arises under state law. Plaintiff argues that the only way the Counterclaim can survive a 12(b)(1) motion is if the Court may exercise supplemental jurisdiction over the Counterclaim pursuant to 28 U.S.C. §1367. (ECF No. 7, pp. 2-3.) Plaintiff contends that this Court is unable to exercise supplemental jurisdiction because "in order for state and federal claims to have a common nucleus of operative fact such that they form part of the same case or controversy, there needs to be more than just a tangential or stray fact in common." (ECF No. 13, p. 5.) (internal quotation and citation omitted.) Plaintiff asserts that "there is no basis for supplemental jurisdiction as the facts and law required to prove the [C]ounterclaim are wholly different from those involved in Plaintiff's TCPA claim." (ECF No. 7 p. 4.)

"[A district court has supplemental jurisdiction over a counterclaim] if it arises out of the transaction or occurrence that is the subject matter of an opposing party's claim of which the court has jurisdiction." *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 633 (3d Cir. 1961) (citing *Moore v. New York Cotton Exch.*, 270 U.S. 593 (1926)). "[Such a transaction or occurrence] is a compulsory counterclaim." *Id.* "It is not a coincidence that the same considerations that determine whether a counterclaim is compulsory decide also whether the

4

court has ancillary jurisdiction to adjudicate it…[they] are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts." *Id.* "Pendent jurisdiction allowed a court to hear non-federal claims over which it did not have diversity jurisdiction provided those claims shared a "common nucleus of operative fact" with the claims that supported the court's original jurisdiction…[and this] extension of jurisdiction was permitted only when it would promote "judicial economy, convenience and fairness to litigants." *Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 300 (3d Cir. 1998).[1] "[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Vukich v. Nationwide Mut. Ins. Co.*, 68 F. App'x. 317, 319 (3d Cir. 2003).

To make its argument, Plaintiff undertakes a cases analysis comparing Third Circuit precedent and precedent of this Court which both encompass a set of facts similar to the facts before this Court. Plaintiff utilizes Third Circuit precedent to refute the analysis of a similar set of facts by this Court in *Miller v. 3G Collect, Inc.*, 302 F.R.D. 334 (E.D. Pa. 2014). In *Miller*, the plaintiff brought a TCPA claim and the defendant answered with a counterclaim arising under state law, alleging plaintiff failed to pay under a preexisting payment arrangement created within the same transaction underlying plaintiff's TCPA claim. *Id*. Plaintiff contends that *Miller*

---

[1] In *Great Lakes* and *Krell*, the Courts originally discuss ancillary and pendent jurisdiction respectively. *Great Lakes,* 286 F.2d 631, *Krell*, 148 F.3d at 301. Following the enactment of 28 U.S.C. §1367, the ancillary and pendent jurisdiction doctrines were merged into statutory supplemental jurisdiction. *Krell*, 148 F.3d at 301. "Section 1367 combined the two concepts of pendent and ancillary jurisdiction under the rubric of supplemental jurisdiction, providing for jurisdiction in any civil action of which the district courts have original jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy under Article III." *Id*. (internal quotation and citation omitted). Accordingly, in order to clarify the doctrinal synthesis underlying §1367 supplemental jurisdiction, this discussion applying the Third Circuit supplemental jurisdiction standard incorporates Third Circuit opinions on both ancillary and pendent jurisdiction.

"is…wrongly decided because…[(1) the Court] failed to analyze the elements of each claim to determine if there was an appreciable overlap, [(2)] the Court failed to consider that the evidence in each [claim's case] would be radically different, [and (3)] the Court failed to consider that under the [TCPA] once a person gives his phone number to a potential creditor he has given that creditor consent to call whether or not it was given in a contract, orally, or by any other means, and thus the validity and enforceability of the contract is wholly irrelevant." (ECF No. 13, p. 5.) Plaintiff incorrectly cites *Miller* in its first two points of argument, but properly characterizes the *Miller* Court's position in its final contention in describing "the absolute defense to liability" provided by the TCPA. *Miller*, 302 F.R.D. at 338.

The court in *Miller* carefully considered the various cases that might ensue from each claim, particularly by citing precedent that would appear to substantiate the plaintiff's argument in defense of his motion to dismiss. *Miller,* 302 F.R.D. at 336-37. The *Miller* Court then distinguished the claims at issue from those in cases wherein a court declined to exercise supplemental jurisdiction over the defendant's state law counterclaim. *Id.* at 338. The *Miller* court found that cases where a state law counterclaim regarding an underlying debt of the same transaction as the original federal claim arising under a consumer protection statute were distinguishable from the TCPA claim and state law counterclaim at issue, stating that the "explicit terms of the TCPA make the giving of prior express consent by the debtor to the debt collector an absolute defense to liability." *Id*. "Contrary to Plaintiff's argument and unlike [TILA and FDCPA] cases…both the Complaint and the Counterclaim share more than the same originating transaction…they are logically related in that by proving its Counterclaim—*i.e*., that Plaintiff consented to receiving a collect call on her cell phone and to paying the associated

6

charges—Defendant effectively defends against the TCPA claim by proving that Plaintiff provided express consent to being billed at that cell phone number." *Id.*

Plaintiff's contention that "it is clear [the] federal TCPA claim and the state law breach of contract counterclaim involve completely different legal theories and evidence," is not defensible. (ECF No. 7, p. 6.) Just as in *Miller*, Plaintiff brings a TCPA claim, and Defendant answers, alleging Plaintiff formed a payment arrangement with Defendant prior to Defendant initiating calls to Plaintiff. *Miller,* 302 F.R.D. at 339. The Act under which Plaintiff brings his claim contains a cognizable defense for Defendant if it proves the calls which are at issue were initiated under the premise of collecting a debt underlying the transaction for which Defendant's Breach of Contract Counterclaim is brought.

The *Miller* Court incorporated the "judicial economy" factor into its opinion, which the Third Circuit employs in assessing whether a district court may exercise supplemental jurisdiction. *Id.* at 339. "To require that these claims be litigated separately—one in state court and one in federal court—would result in substantial duplication of effort and time by the parties and the courts…judicial economy therefore counsels the Court to deem the Counterclaim compulsory." *Id.* (internal quotation and citation omitted).

Defendant's Counterclaim arising under state law is substantially related to Plaintiff's claim arising under federal law such that Defendant's counterclaim is compulsory. Accordingly, this Court may exercise supplemental jurisdiction over Defendant's Counterclaim and Plaintiff's Motion to Dismiss is denied.

## V. Conclusion

For the reasons set forth herein, Plaintiff's Motion to Dismiss Defendant's Breach of Contract claim is denied.

An appropriate Order follows.

BY THE COURT:

/s/C. Darnell Jones, II    J.